[No. G023383. Fourth Dist., Div. Three. Jan. 31, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
OSCAR REGALADO, Defendant and Appellant.

## COUNSEL

Mark Alan Hart, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Esteban Hernandez and Vincent L. Rabago, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BEDSWORTH, J.**—In a bifurcated proceeding, a jury convicted Oscar Regalado of committing a lewd act upon a child under the age of 14 and then found prior conviction allegations to be true. Regalado appeals, contending he was denied due process when the trial court read jurors an instruction permitting them to infer he was predisposed to commit the current offense after considering evidence of his prior sexual offense. He also insists the court erred by failing to require the prior offense be proven beyond a reasonable doubt. We conclude the court's instructions to the jury were correct; neither deprived Regalado of the process to which he was due.

The issues before us today have more to do with questions of law than with the specific facts of this case. However, because we conclude that any instructional error was harmless beyond a reasonable doubt, we observe that the facts concern Regalado's digital penetration of a five-year-old boy's rectum during a brief visit in the backyard of a daycare facility.

The youngster testified to Regalado's act, and a subsequent medical examination of the minor confirmed his story, revealing redness and irritation around his anus, external to the sphincter. The medical expert who

examined him opined that the redness was "consistent with having the child digitally penetrated." While it might also have been caused by "sliding down a rail" or some similar activity, rubbing directly against the anal opening would have been required. Regalado never denied being alone with the child but insisted he only touched him to administer a spanking. In addition to this evidence, the jury learned that Regalado had digitally penetrated the rectum of another five-year-old boy five years before.

## I

Regalado claims his right to due process was violated when the trial court instructed the jury it was entitled to consider his prior lewd act as evidence he was predisposed to commit the charged offense. His argument has been foreclosed by our Supreme Court's recent decision in *People v. Falsetta* (1999) 21 Cal.4th 903 [89 Cal.Rptr.2d 847, 986 P.2d 182], which finds Evidence Code section 1108[1]—the statute upon which the instruction was based—constitutional.

Section 1108 permits the introduction of "evidence of the defendant's commission of another sexual offense or offenses," subject to the court's assessment of the evidence under section 352. (§ 1108; *People v. Falsetta, supra*, 21 Cal.4th at pp. 911, 916; *People v. Soto* (1998) 64 Cal.App.4th 966, 983-984 [75 Cal.Rptr.2d 605].) While the unrestricted application of section 1108 might impair a defendant's right to due process, section 352—which requires the trial court to exercise its discretion to exclude evidence which poses a substantial risk to a defendant's right to a fair trial—"provides a safeguard that strongly supports" the statute's constitutionality. (*People v. Falsetta, supra*, 21 Cal.4th at p. 916; accord, *People v. Fitch* (1997) 55 Cal.App.4th 172, 183 [63 Cal.Rptr.2d 753].)

Here, the record demonstrates the trial court applied section 352, carefully balancing the probative value of the evidence against its potential prejudicial value. Having done so, the court explained that the prior offense was not remote in time, and because the offenses were virtually identical in all material respects, its probative value outweighed any possible prejudice its admission might cause. We find the court's exercise of discretion was sound and consistent with the legislative design.

By enacting section 1108, the Legislature intended to create an exception to the general prohibition against character evidence which otherwise would require exclusion of evidence proffered to show a defendant's disposition to commit a particular offense. (*People v. Falsetta, supra*, 21 Cal.4th at pp.

---

[1] All subsequent statutory references are to the Evidence Code.

911-912; *People v. Soto, supra,* 64 Cal.App.4th at pp. 983-984; *People v. Fitch, supra,* 55 Cal.App.4th at pp. 181-182.) Thus, to the extent the trial court's ruling permitted the prosecution to introduce evidence of Regalado's predisposition to molest young boys, it was completely true to the purpose of the law. There was no error, constitutional or otherwise.

## II

■ Next, Regalado contends the court's instructions under CALJIC Nos. 2.50.01 and 2.50.1 deprived him of due process by permitting the jury to infer his guilt from a fact the prosecutor was not required to prove beyond a reasonable doubt. We reject this argument as well.

The court read the jury the following version of CALJIC No. 2.50.01:

"Evidence has been introduced for the purpose of showing the defendant engaged in a sexual offense other than the one charged in the case. 'Sexual offense' means a crime . . . involving any of the following[:]

"A. Any conduct made criminal by Penal Code section 288, [subdivision] (a). The elements of this crime [are] set forth elsewhere in these instructions. If you find the defendant committed a prior sexual offense, you may but are not required to infer that the defendant had a disposition to commit the same or similar type sexual offense.

"If you find the defendant had this disposition, you may but are not required to infer that he was likely to commit and did commit the crime of which he is accused. You . . . must not consider this evidence for any other purpose."[2]

The court also read the following paraphrase of CALJIC No. 2.50.1: "Within the meaning of the [preceding] instruction[], the prosecution has the burden of proving by a preponderance of the evidence the defendant committed a crime or sexual offense other than that [for] which he is on trial.

---

[2]The instruction has now been modified to include the following penultimate paragraph, which the CALJIC Committee's Use Note to CALJIC No. 2.50.01 (1999 rev.) (6th ed. 1996) page 15 explains was added to "remove any confusion that might arise" in conjunction with the instruction: "However, if you find by a preponderance of the evidence that the defendant committed a prior sexual offense, that is not sufficient by itself to prove beyond a reasonable doubt that [he] [she] committed the charged crime[s]. The weight and significance of the evidence, if any, are for you to decide." While our Supreme Court has explained this additional language succeeds in clarifying the fact the prosecutor retains the burden of proving the charge beyond a reasonable doubt (*People v. Falsetta, supra,* 21 Cal.4th at pp. 923-924), nothing the CALJIC Committee has done to modify the instruction alters our analysis here. The committee has added air bags to an instruction already equipped with seat belts.

You must not consider this evidence for any purpose unless you find by a preponderance of the evidence the defendant committed the other crime or sexual offense."

Specifically, Regalado objects to the language in CALJIC No. 2.50.01, which permitted (but did not require) the jury to infer he committed the sexual offense of which he was accused if it found by a preponderance that he was disposed to commit that or a similar type of crime. He claims this instruction short-circuited the general instruction in CALJIC No. 2.90, which requires the prosecutor to prove every element beyond a reasonable doubt. We cannot agree.

Adopting the analysis of the Court of Appeal in *People v. Falsetta, supra,* 21 Cal.4th at page 923, our Supreme Court referred to the language Regalado objects to as a "useful nugget[]" that "would guide the jury in its proper consideration of evidence of sex offenses admitted under section 1108." The reason behind the court's approval seems apparent.

While it is axiomatic that every element of a criminal offense must ultimately be proven beyond a reasonable doubt (*In re Winship* (1970) 397 U.S. 358, 364 [90 S.Ct. 1068, 1072-1073, 25 L.Ed.2d 368]), it is also settled that the admissibility of evidence which may be relevant to a jury's factual determinations is dependent upon a different standard: proof by a preponderance of the evidence. (*People v. Carpenter* (1997) 15 Cal.4th 312, 382 [63 Cal.Rptr.2d 1, 935 P.2d 708]; § 115; see also CALJIC Nos. 2.50.1, 2.50.2.) Thus, to the extent the court's instructions permitted the jurors to consider Regalado's disposition to molest young boys as evidence that he, in fact, committed the charged offense, the court did not err—so long as the existence of his disposition was proved by a preponderance of the evidence. It was.

We are, of course, aware that the second "useful nugget[]" in the *Falsetta* instruction—which would have admonished the jury not to convict solely because it found the defendant committed the prior offense—was not given as part of the instruction in this case. (See *People v. Falsetta, supra,* 21 Cal.4th at p. 923.) The additional language was not incorporated into CALJIC No. 2.50.01 until early in 1999—well after the trial of this case. But the omission of the admonishment is not fatal to the instruction that was given.

If our task were to consider CALJIC No. 2.50.01 in isolation, Regalado might have a better argument. But we are obliged to consider the effect and

import of the court's jury instructions as a whole. (*People v. Price* (1991) 1 Cal.4th 324, 446 [3 Cal.Rptr.2d 106, 821 P.2d 610]; *People v. Garrison* (1989) 47 Cal.3d 746, 780 [254 Cal.Rptr. 257, 765 P.2d 419]; *People v. Cordero* (1989) 216 Cal.App.3d 275, 279 [264 Cal.Rptr. 774] [failure to give CALJIC No. 5.17 was cured by CALJIC Nos. 8.40 and 8.50].) One of the primary reasons we are required to consider them that way is that jurors are told to do the same thing. CALJIC No. 1.01, which the court read to Regalado's jury, requires that jurors "[c]onsider the instructions as a whole and each in light of the others."

In the court's instructions, the jurors were told Regalado's disposition to commit sexual offenses could be used as a basis for inferring he committed the crime charged. But they were *also* told the specific elements of the charged offense (by way of CALJIC No. 16.440, along with lesser included offense instructions) and that *each* of those elements had to be proven beyond a reasonable doubt (CALJIC No. 2.90).

Given these instructions, and considering them as a whole, we think a reasonable jury would have believed it was entitled to consider Regalado's disposition to commit the offense as evidence that he committed the crime charged, so long as the prosecution proved his earlier culpability by a preponderance of the evidence. That is, after all, the law. (*People v. Carpenter, supra,* 15 Cal.4th at p. 382.) However, the jury could not possibly have stopped there—because CALJIC No. 2.50.01 neither enumerates nor alludes to the elements of the offense, and it says nothing about the standard which the prosecution must meet in order for those elements to be proved.

The jurors would have been required to look to other instructions—particularly CALJIC Nos. 2.90 and 10.41 (defining the elements of the offense under Pen. Code, § 288, subd. (a))—for that information, and we think it would be a gross underestimation of our fellow citizens to conclude they would not have done so. Since they were directed to consider all the instructions together, we doubt they would have disregarded the exacting language of CALJIC No. 2.90—emphasized during closing argument—which specifically identified the burden the prosecution was obliged to meet with regard to the elements of the charged offense.

Rather, we are convinced the jurors would have realized that disposition evidence, while probative of defendant's guilt, must be assessed along with all the other evidence to determine whether every element of the offense was proven beyond a reasonable doubt. (*People v. Van Winkle* (1999) 75 Cal.App.4th 133, 147-148 [89 Cal.Rptr.2d 28].) They need not have been

legal scholars to do so. They knew Regalado was not charged with the five-year-old molestation. Reasonably intelligent people would—on the instructions given here—merely have put the prior offense into the deliberative mix as a factor to be considered. They would not have stopped after evaluating the prior and started signing verdict forms, as Regalado suggests. We therefore conclude that the wording of CALJIC No. 2.50.01 did not deprive Regalado of his right to due process.

We realize Division Two of the Second District Court of Appeal recently reached a contrary result in *People v. Vichroy* (1999) 76 Cal.App.4th 92 [90 Cal.Rptr.2d 105]; however, we reluctantly disagree with the court's reasoning and conclusion. While it acknowledges jury instructions must be considered as a whole, the panel declares CALJIC No. 2.50.01 constitutionally infirm after examining it in isolation.[3] The *Vichroy* court concludes, CALJIC No. 2.50.01 "permitted the jury to find appellant guilty of the current charges solely because he had committed prior sexual offenses." (76 Cal.App.4th at p. 101.) As we have indicated, we cannot agree the instruction did any such thing. Such a conclusion renders the instruction under CALJIC No. 2.90 mere surplusage.[4]

The court further opines, "Because we cannot assume the jury followed the constitutionally correct conflicting instruction, the judgment must be reversed." (*People v. Vichroy, supra,* 76 Cal.App.4th at p. 101.) However, we are convinced a reasonable jury would have had no difficulty understanding that, assuming Regalado's disposition to commit the crime was established by a preponderance of the evidence, each element of the offense still had to be proven beyond a reasonable doubt. To the extent jurors might have perceived a conflict in the instructions, we are confident they would have harmonized them as we have—since they were specifically directed to consider the instructions as a whole, and each in light of the others.[5]

---

[3]The court reaches what we think is an unjustified conclusion when it observes, "These [other] instructions did nothing to clarify that the jurors were not to convict appellant of the current charges simply because they concluded beyond a reasonable doubt that he had committed prior sexual offenses." (*People v. Vichroy, supra,* 76 Cal.App.4th at p. 99.)

[4]The same would be true of CALJIC No. 2.01, which explains that an inference of guilt cannot properly be drawn unless "each fact which is essential to complete a set of circumstances necessary to establish the defendant's guilt [is] proved beyond a reasonable doubt."

[5]"[P]osttrial review focuses . . . on what a reasonable jury . . . is *likely* to have done . . . . In making that evaluation, an appellate court may consider, among other things, whether the evidence supporting the existing judgment is so relatively strong, and the evidence supporting a different outcome is so comparatively weak, that there is no reasonable probability the error of which the defendant complains affected the result." (*People v. Breverman* (1998) 19 Cal.4th 142, 177 [77 Cal.Rptr.2d 870, 960 P.2d 1094], some italics

The judgment is affirmed.

Crosby, Acting P. J., and Rylaarsdam, J., concurred.

On March 1, 2000, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied April 26, 2000. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.

---

omitted.) Here, we are satisfied the strength of the case was such that any error would not have affected the verdict.