[No. B131860. Second Dist., Div. Four. Mar. 20, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE ORELLANO, Defendant and Appellant.

**COUNSEL**

Kyle Marie Wesendorf, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Jaime L. Fuster and Martin L. Pitha, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

## VOGEL (C. S.), P. J.—

### INTRODUCTION

We address a recurring issue not yet resolved by our Supreme Court. In a prosecution for sex offenses, evidence of prior sex offenses was admitted pursuant to Evidence Code section 1108. The jurors were instructed under CALJIC Nos. 2.50.01 (before its revision in 1999), 2.50.1, and 2.50.2 that if they found, by a preponderance of evidence, that the defendant committed the prior crimes, they may infer he had a disposition to commit the same or similar crimes, and if they found he had such a disposition, they may infer he was likely to commit "and did" in fact commit the current crimes. Under these or similar circumstances, a split of authority has developed in the Courts of Appeal. Some hold there is a reasonable likelihood the jurors interpreted such instructions to authorize convicting the defendant of the current crimes based merely upon proof (by a preponderance of evidence) that the defendant committed the prior crimes, a constitutionally impermissible result. (See *People v. Vichroy* (1999) 76 Cal.App.4th 92, 98-101 [90 Cal.Rptr.2d 105].) Others hold there is no reasonable likelihood the jurors interpreted these instructions that way, when all the instructions taken as a whole are considered, including the usual instructions on the prosecution's burden to prove guilt beyond a reasonable doubt. (*People v. Van Winkle* (1999) 75 Cal.App.4th 133, 147-149 [89 Cal.Rptr.2d 28]; *People v. Regalado* (2000) 78 Cal.App.4th 1056 [93 Cal.Rptr.2d 83]; *People v. O'Neal* (2000) 78 Cal.App.4th 1065 [93 Cal.Rptr.2d 248].)

We conclude, consistent with *Vichroy* and contrary to *Van Winkle, Regalado,* and *O'Neal,* that in the specific context of prior sex crimes admitted under Evidence Code section 1108 to prove the defendant's disposition to commit sex crimes, these instructions are prejudicially erroneous, even in light of other standard instructions on reasonable doubt.[1] Accordingly, we must reverse appellant's convictions.

### FACTS

A jury convicted defendant and appellant Jose Orellano of three sex crimes involving a child (committing a lewd act on a child, molesting a child, and soliciting a lewd act). (Pen. Code, §§ 288, subd. (a), 647.6, subd. (a), and 647, subd. (a).) The trial court found true that appellant was

---

[1]In light of their effect upon appellant's substantial rights, we review the instructions despite appellant's failure to object to them in the trial court. (Pen. Code, § 1259.)

previously convicted of child molesting, which rendered the current child molesting charge a felony. (Pen. Code, § 647.6, subd. (c)(1).)

*The charged crimes.*

On September 22, 1998, the victim, Jhanice D., then age 13, and her friend Shentora B. were on their way to a friend's home in Santa Monica. Jhanice, wearing shorts, was on a skateboard, and Shentora was walking beside her. Appellant came up behind them and rubbed his palm on Jhanice's inner thigh, just under her buttocks with his fingers near her private parts. Jhanice stopped immediately and told Shentora, "He just touched me." Appellant then stepped forward and faced the girls. He said "Come here," and gestured toward himself with a beckoning wiggle of his fingers. Appellant then placed his hands in his pockets and looked down toward his private parts. The girls saw a male friend and asked him to accompany them away. A short while later the girls saw appellant again, urinating in an alley. He again gestured toward them and yelled "Come here." The girls went to the Police Activities League and reported the incidents. Appellant was arrested shortly thereafter and positively identified.

*Other crimes evidence.*

Evidence of appellant's other predatory sexual behavior toward schoolgirls was admitted pursuant to Evidence Code sections 1101, subdivision (b) and 1108. Evidence Code section 1101, subdivision (a) generally prohibits admission of character evidence, but subdivision (b) permits admission of evidence to prove a fact, such as motive or plan, *other than disposition.* But "[i]n a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101 . . . ." (Evid. Code, § 1108, subd. (a).) Section 1108 goes beyond the limited exceptions in section 1101, subdivision (b) and permits evidence of the defendant's prior sexual offenses *as evidence of a disposition to commit such crimes.* (*People v. Falsetta* (1999) 21 Cal.4th 903, 912 [89 Cal.Rptr.2d 847, 986 P.2d 182].)

On April 28, 1997, appellant was outside a locked fenced elementary school playground in Santa Monica. Young girls were playing ball during recess. Their ball went over the fence, and they asked appellant to throw it back. Appellant refused to throw the ball back over the fence, as he could have done, but instead demanded that the girls come open the gate. When fourth-grader Emily K. came near the gate, appellant, whose pants were unzipped and whose penis was exposed, reached through and grabbed her. She got away and reported the incident to a teacher. Appellant also

approached another girl who was inside the fenced playground of the same school. Appellant, whose pants were unzipped and penis exposed, reached through the fence and told Elyse G., "Come here, little girl." Appellant was arrested a few minutes after these incidents and was positively identified by an adult school employee as the man she had seen by the fence.

*Jury instructions on other crimes evidence.*

The jury was instructed under CALJIC No. 2.50.01 (before its revision in 1999): "Evidence has been introduced for the purpose of showing that the defendant engaged in a sexual offense other than that charged in the case. . . . If you find that the defendant committed a prior sexual offense, you may, but are not required to, infer that the defendant had a disposition to commit the same or similar type sexual offenses. *If you find that the defendant had this disposition, you may, but are not required to, infer that he was likely to commit and did commit the crime or crimes of which he is accused.*" (Italics added.)

The jury was instructed under CALJIC No. 2.50.1: "Within the meaning of the preceding instructions, the prosecution has the burden of proving by a preponderance of the evidence that a defendant committed a sexual offense other than those for which he is on trial. [¶] You must not consider this evidence for any purpose unless you find by a preponderance of the evidence that a defendant committed the other crime or sexual offense." The jury was instructed under CALJIC No. 2.50.2 that preponderance of the evidence means evidence with more convincing force than that opposed to it, and that the jurors should find against the party with the burden of proof if the evidence is so evenly balanced that they are unable to find the evidence on either side preponderates.

Because this trial was conducted in 1998, *the jury was not provided with the subsequently adopted cautionary language of the 1999 revision to CALJIC No. 2.50.01, which states*: "However, if you find by a preponderance of the evidence that the defendant committed prior sexual offenses, that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crimes. The weight and significance of the evidence, if any, are for you to decide." (CALJIC No. 2.50.01 (1999 rev.) (6th ed. 1996); see *People v. Falsetta, supra,* 21 Cal.4th 903, 923-924 [stating that the "revised CALJIC No. 2.50.01 adequately sets forth the controlling principles under [Evidence Code] section 1108"]; *People v. Brown* (2000) 77 Cal.App.4th 1324, 1334, 1336 [92 Cal.Rptr.2d 433] [holding that similar language in the 1999

revision to CALJIC No. 2.50.02, relating to prior acts of domestic violence under Evid. Code, § 1109, sufficiently clarifies the burdens of proof].)

*Other jury instructions.*

The jury was instructed under CALJIC No. 1.01, "Do not single out any particular sentence or any individual point or instruction and ignore the others. Consider the instructions as a whole and each in light of all the others." The jury was instructed on the elements of each of the charged offenses that must be proved. Under CALJIC No. 2.61 (1990 rev.) the jury was instructed, "the defendant may choose to rely on the state of the evidence and upon the failure, if any, of the People to prove beyond a reasonable doubt every essential element of the charge against him." The jury was instructed on the prosecution's burden of proving guilt beyond a reasonable doubt, under the standard reasonable doubt instruction, CALJIC No. 2.90, which states, "A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to a verdict of not guilty. This presumption places upon the People the burden of proving him guilty beyond a reasonable doubt. [¶] Reasonable doubt is defined as follows: It is not a mere possible doubt; because everything relating to human affairs is open to some possible or imaginary doubt. It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction of the truth of the charge."

## DISCUSSION

In combination, CALJIC Nos. 2.50.01 (pre-1999), 2.50.1, and 2.50.2 permitted the jury to find by a preponderance of evidence that appellant committed the prior crimes, to infer from such commission of the prior crimes that appellant had a disposition to commit such crimes, and to infer from such disposition that appellant "did commit" the charged crimes, without necessarily being convinced beyond a reasonable doubt that appellant committed the charged crimes. If the jury followed these instructions literally and arrived at a guilty verdict in that manner, appellant was denied his due process right to require proof beyond a reasonable doubt of every fact necessary to constitute the charged crimes. (*People v. Vichroy, supra,* 76 Cal.App.4th 92, 99, citing *In re Winship* (1970) 397 U.S. 358, 364 [90 S.Ct. 1068, 1072, 25 L.Ed.2d 368], and *People v. Fitch* (1997) 55 Cal.App.4th 172, 182-183 [63 Cal.Rptr.2d 753].) A "constitutional infirmity arises" because taken literally these instructions authorized a conviction of the

current charges based "solely" upon a finding that appellant committed the prior crimes. (*People v. Vichroy, supra,* 76 Cal.App.4th at pp. 99, 101.) In *Vichroy* the trial court did not instruct the jury about the preponderance of evidence standard for proof of the prior crimes. The appellate court found error because, even assuming the prior crimes were proved beyond a reasonable doubt, "[w]e do not believe proof beyond a reasonable doubt of a basic fact, that appellant committed prior sexual offenses, may act as 'proxy' or substitute for proof of the ultimate fact, i.e., appellant's guilt of the currently charged offenses." (*Id.* at p. 99.) The "constitutional infirmity" is even greater where, as here, the jury was also instructed that the prior crimes need only be proved by a preponderance of evidence.

Of course, these instructions did not stand alone. These instructions cannot be viewed in artificial isolation but must be considered in the context of the instructions as a whole. The issue is whether, in light of the specific language challenged and all the instructions as a whole, there is a "reasonable likelihood" the jury interpreted the instructions in an impermissible manner. (*Estelle v. McGuire* (1991) 502 U.S. 62, 72 & fn. 4 [112 S.Ct. 475, 482, 116 L.Ed.2d 385]; *People v. Cain* (1995) 10 Cal.4th 1, 36 [40 Cal.Rptr.2d 481, 892 P.2d 1224].)

This case is not a typical one for applying the well-established principle that specific instructions must be considered with all the instructions as a whole. The reason is the unprecedented change that Evidence Code section 1108 represents in our jurisprudence of evidence. (See also Evid. Code, § 1109.) Section 1108 radically departs from prior case law, which indicated that propensity evidence is inherently unduly prejudicial to a criminal defendant. Until the issue was finally resolved by our Supreme Court in *People v. Falsetta, supra,* 21 Cal.4th 903, 910-922, the criminal defense bar repeatedly urged that Evidence Code section 1108 denies a defendant due process by permitting a jury to consider prior sex offenses *as evidence of a defendant's disposition to commit such crimes.*

Because Evidence Code section 1108 permits admission of disposition evidence in this unprecedented manner, we believe it *especially* important that the jury be fully and fairly instructed on its permissible use. In this context, the 1999 revision to CALJIC No. 2.50.01, in our opinion, is more than just a desirable improvement or "useful nugget" of additional information (*People v. Falsetta, supra,* 21 Cal.4th 903, 923), it is *essential* to the jury's proper understanding of disposition evidence. In the 1999 revision, the jurors are told in the same instruction that although they may infer from the defendant's commission of prior sex crimes that he "did commit" the

charged crimes, "that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crimes." *Without* the 1999 revision, as here, the jurors are told they may infer the defendant's guilt of the charged crimes from the preponderance of evidence that he committed prior sex crimes, and they are forced to surmise from all the other instructions that this inference is subject to the reasonable doubt standard.

In *People v. Van Winkle, supra,* 75 Cal.App.4th 133, 147-149, *People v. O'Neal, supra,* 78 Cal.App.4th 1065, and *People v. Regalado, supra,* 78 Cal.App.4th 1056, the appellate courts hypothesized the process by which rational and reasonably intelligent jurors might harmonize the instructions as a whole. In the context of now-admissible disposition evidence under Evidence Code section 1108, however, we are not persuaded this was reasonably likely. The danger that juries may be unduly influenced by disposition evidence is so well established that until enactment of Evidence Code section 1108, such evidence was universally excluded. (*People v. Falsetta, supra,* 21 Cal.4th 903, 913-914; *People v. Alcala* (1984) 36 Cal.3d 604, 630-631 [205 Cal.Rptr. 775, 685 P.2d 1126].) Although admission of disposition evidence under section 1108 does not violate due process (*People v. Falsetta, supra,* 21 Cal.4th at pp. 912-922), an essential safeguard to prevent its lessening the prosecution's burden of proof is proper instructions to the jury that evidence of prior offenses is not sufficient to prove guilt of the charged crime beyond a reasonable doubt. (See *People v. Falsetta, supra,* 21 Cal.4th at p. 920; *People v. Fitch, supra,* 55 Cal.App.4th 172, 182 & fn. 4; *People v. Vichroy, supra,* 76 Cal.App.4th 92, 99.) Such instructions were not given here. The jurors were specifically told they could infer appellant's disposition, and his guilt of the current charges, from his commission of the prior crimes, shown by a mere preponderance of evidence. The other instructions on the reasonable doubt standard were general in comparison. (See *Francis v. Franklin* (1985) 471 U.S. 307, 319-320, 322-323 [105 S.Ct. 1965, 1973-1974, 1975-1976, 85 L.Ed.2d 344].) The danger that the jury leaped to a verdict of guilty is too great for us to confidently assume the jurors arrived at a verdict beyond a reasonable doubt by a careful reasoning process involving all the other instructions. In the context of disposition evidence under Evidence Code section 1108, we conclude there is a reasonable likelihood the jurors were misled by the incomplete instruction. Since we have no way of knowing whether the jury applied the correct burden of proof, the convictions must be reversed (*Sullivan v. Louisiana* (1993) 508 U.S. 275, 281 [113 S.Ct. 2078, 2082, 124 L.Ed.2d 182]; *People v. Vichroy, supra,* 76 Cal.App.4th at p. 101) so that appellant can be retried before a properly instructed jury.

This conclusion renders moot appellant's other contention of instructional error and the Attorney General's contentions of sentencing error.

## DISPOSITION

The judgment is reversed.

Epstein, J., and Hastings, J., concurred.

Respondent's petition for review by the Supreme Court was denied June 14, 2000.