[No. A088560. First Dist., Div. One. Jan. 9, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
GEORGE DALLAS HILL, Defendant and Appellant.

**COUNSEL**

James F. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Eric D. Share and Lisa H. Ashley Ott, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STEIN, J.**—George Dallas Hill appeals his convictions, following a jury trial, of two counts of lewd or lascivious acts on his eight-year-old grand-daughter (Pen. Code, § 288, subd. (a)) and one count of annoying or molesting a child with a previous conviction. (Pen. Code, § 647.6, subd. (c)(2).) In a bifurcated trial, the court found true allegations that Hill had three prior "strike convictions" (Pen. Code, § 1170.12), two prior serious felonies (Pen. Code, § 667, subd. (a)(1)), and one prior prison term (Pen. Code, § 667.5, subd. (b)).

The court sentenced appellant to two consecutive terms of 25 years to life and a concurrent term of 25 years to life, and two consecutive five-year terms for the Penal Code section 667, subdivision (a)(1) enhancements.

## FACTS

One night in August 1998, F., appellant's granddaughter, woke up in the middle of the night, and went into the living room. Appellant was sleeping in a chair in the living room, and told her to come sit on his lap. He rocked F., and then started to squeeze her bottom. He also tried to stick his tongue in her mouth, but she closed her teeth to prevent it. She told her mother, S. N., what had happened, and Ms. N. ordered appellant to leave. Ms. N. told F. not to tell anyone.

A few weeks later, F. reported the incident to the police, when the police went to the school to investigate a neighbor's report that she had heard a young child screaming and crying. She stated that her grandfather "did bad things to little girls, and I forgot about it and sat on his lap, and he did something bad to me too. But my mommy doesn't want me to tell anyone because she doesn't want me to have to go through it."

When interviewed by the police appellant stated he had not visited his daughter since January, and gave conflicting alibis. He also suggested that his daughter was encouraging F. to make these allegations out of a desire to seek revenge.

Three victims of prior uncharged acts testified that appellant had molested them when they were minors.

In his defense, appellant called Valerie Schafer who testified that during the summer of 1998, she was homeless. Starting in July, she lived in the same creekside camp as appellant. She testified that appellant stayed at the campsite every night, except for one night at the end of July, and once at the beginning of August.

## ANALYSIS

Over appellant's objection, the court admitted evidence of appellant's prior sexual offenses, pursuant to Evidence Code[1] section 1101, subdivision (b), as evidence of motive and intent, and pursuant to section 1108. The court, at the close of evidence, instructed the jury on the use of evidence admitted pursuant to section 1108 in accordance with the 1999 revised version of CALJIC No. 2.50.01, as follows: "Evidence has been introduced for the purpose of showing that the defendant engaged in a sexual offense on one or more occasions other than that charged in the case. [¶] . . . [¶] If you find that the defendant committed a prior sexual offense, you may, but are

---

[1]Unless otherwise indicated, all subsequent statutory references are to the Evidence Code.

not required to, infer that the defendant had a disposition to commit the same or similar type sexual offenses. If you find that the defendant had this disposition, you may, but are not required to, infer that he was likely to commit and did commit the crimes of which he is accused. [¶] However, if you find that the defendant committed prior sexual offenses, that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crimes. The weight and significance of the evidence, if any, are for you to decide. [¶] Unless you are otherwise instructed, you must not consider this evidence for any other purpose."

In addition, the court instructed the jury pursuant to CALJIC No. 2.50, which explains the use of other crimes evidence to show intent and motive, and gave a modified version of CALJIC 2.50.1, informing the jury that although the prosecution has the burden of proving by the preponderance of the evidence that a defendant committed the prior sexual offenses, the jury must "[k]eep in mind that you will later be instructed, in instruction 2.90, that each and every element of offenses charged in Counts I, II, and III must still be proven beyond a reasonable doubt before you may return a verdict of guilty on any specific count. [¶] The lesser burden of proving by a preponderance, only applies to the proof required for prior uncharged offenses, before you may even consider this evidence in your deliberations. [¶] After considering all evidence in this case, the People always have the burden of proving each and every element of each charged offense beyond a reasonable doubt. . . ."

The court also instructed pursuant to CALJIC No. 2.50.2, defining the preponderance of the evidence standard, and CALJIIC No. 2.90, on the presumption of innocence, and proof beyond a reasonable doubt.

### CALJIC No. 2.50.01

■ Appellant first contends that the CALJIC No. 2.50.01 violates due process because it could be understood by a jury as permitting conviction of the defendant based solely upon the fact of his prior offenses, and without finding each fact necessary to support the conviction beyond a reasonable doubt.

CALJIC No. 2.50.01 was revised in 1999. A split of authority has developed in the Courts of Appeal on the question whether *former* CALJIC No. 2.50.01 violates due process. Some courts have held there is a reasonable likelihood the jurors could interpret this instruction to authorize conviction of the defendant of the current crimes based merely upon proof by a preponderance of evidence that the defendant committed the prior crimes, a

constitutionally impermissible result. (See *People v. Vichroy* (1999) 76 Cal.App.4th 92, 98-101 [90 Cal.Rptr.2d 105]; *People v. Orellano* (2000) 79 Cal.App.4th 179, 181 [93 Cal.Rptr.2d 866]; *People v. James* (2000) 81 Cal.App.4th 1343, 1362-1363 [96 Cal.Rptr.2d 823]; see also *People v. Younger* (2000) 84 Cal.App.4th 1360 [101 Cal.Rptr.2d 624] [holding a similar defect exists in the pre-1999 version of CALJIC No. 2.50.02].) Others hold there is no reasonable likelihood the jurors interpreted former CALJIC No. 2.50.01, or the virtually identical former CALJIC No. 2.50.02, to permit conviction based solely upon evidence of prior crimes when all the instructions taken as a whole are considered, including the usual instructions on the prosecution's burden to prove guilt beyond a reasonable doubt. (See, e.g., *People v. Van Winkle* (1999) 75 Cal.App.4th 133, 147-149 [89 Cal.Rptr.2d 28]; *People v. Regalado* (2000) 78 Cal.App.4th 1056 [93 Cal.Rptr.2d 83]; *People v. O'Neal* (2000) 78 Cal.App.4th 1065 [93 Cal.Rptr.2d 248].)

In this case, however, the court gave the *1999 revision of CALJIC No. 2.50.01*. In *People v. Falsetta* (1999) 21 Cal.4th 903 [89 Cal.Rptr.2d 847, 986 P.2d 182], the court rejected a due process challenge to the admission of uncharged sex offenses pursuant to section 1108. The trial court had also given the pre-1999 version of CALJIC No. 2.50.01, and had refused several special instructions submitted by the defendant, which attempted to correct some of the defects identified in cases criticizing former CALJIC No. 2.50.01. The court endorsed the 1999 revision, stating it "adequately sets forth the controlling principles under [Evidence Code] section 1108." (21 Cal.4th at p. 924.) The court noted that language added in the 1999 revision specifically cautions the jury that even if it finds "that the defendant committed prior sexual offenses, that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crimes." Although the decision in *Falsetta* is not dispositive, because the 1999 revision had not been given, and the appellant in that case did not challenge it on due process grounds, it nevertheless provides guidance to us, because the court cited the 1999 revision as an example of "language appropriate for cases involving the admission of disposition evidence." (*Id.* at p. 922.)

In *People v. Brown* (2000) 77 Cal.App.4th 1324 [92 Cal.Rptr.2d 433], the court upheld the 1999 revision of CALJIC No. 2.50.02, which is virtually identical to CALJIC No. 2.50.01 except that it applies to use of prior acts of domestic violence under section 1109. It found the instructions given "did not allow the jury to infer that he committed the charged crime solely from proof that he committed the prior acts of domestic violence. To the contrary, the instructions expressly provided that 'evidence that the defendant committed prior offenses involving domestic violence is not sufficient by itself

to prove that he committed the charged offenses.' . . . The *Falsetta* court specifically noted that an admonishment 'not to convict defendant solely in reliance on the evidence that he committed prior sex offenses,' will help 'assure that the defendant will be tried and convicted for his present, not his past offenses.' " (77 Cal.App.4th at p. 1335.) The *Brown* court recognized that the court in *Falsetta* had not decided the constitutionality of the 1999 revision. Nevertheless, it believed, "it is improbable that the California Supreme Court would suggest that an instruction 'adequately sets forth the controlling principles' for considering other crimes evidence, and then find that same instruction to be constitutionally defective." (*Id.* at p. 1336.)

Appellant argues that the language in the 1999 revision of CALJIC No. 2.50.01 advising the jury that if it finds the "defendant committed the prior sexual offenses, *that is not sufficient by itself to prove beyond a reasonable doubt* that he committed the charged crimes" (italics added) is indistinguishable from language in a modified version of former 2.50.01 that the court in *People v. Vichroy, supra,* 76 Cal.App.4th 92, found constitutionally infirm. In *Vichroy* the trial court instructed the jury that " '[y]ou may not convict [the defendant] merely because you believe he committed . . . another offense or because you believe he has a character trait that tends to predispose him to committing the charged offense. [¶] The question before you is whether the defendant is guilty of the crime charged in this case, not whether he is guilty of any other offense.' " (*Id.* at p. 100.) The court found this additional instruction insufficient to correct the erroneous impression given under former CALJIC No. 2.50.01 that the jury could find the defendant guilty solely on the basis that it found he had committed the prior offenses. By contrast the above italicized language in the 1999 revision specifically advises the jury that even if it finds the defendant committed the prior sexual offenses, and draws the inference that the defendant has the disposition to commit similar crimes, and infers that he was likely to have committed the charged offense, that inference alone is insufficient to prove beyond a reasonable doubt that he did commit the charged offenses.

Moreover, in this case, the court not only gave the 1999 revision of CALJIC No. 2.50.01, it also ensured that the jury would understand and reconcile the distinction between the preponderance of the evidence standard applicable to the prior crimes, and the burden to prove each element of the current offense beyond a reasonable doubt, by modifying CALJIC No. 2.50.1 to caution the jury to "[k]eep in mind that you will later be instructed, in instruction 2.90, that each and every element of offenses charged in Counts I, II, and III, must still be proven beyond a reasonable doubt before you may return a verdict of guilty on any specific count. [¶] The lesser burden of proving by a preponderance, only applies to the proof required for

prior uncharged offenses, before you may even consider this evidence in your deliberations. [¶] After considering all evidence in this case, the People always have the burden of proving each and every element of each charged offense beyond a reasonable doubt. . . .”

We conclude that there was no reasonable likelihood under the instructions given that the jury would conclude it could convict appellant of the current offense solely because it found he had committed a similar prior sexual offense. Nor was there any possibility that the jury would convict appellant without finding the prosecution proved every element beyond a reasonable doubt.

### *Due Process Challenge to Evidence Code Section 1108*

As appellant acknowledges, the court, in *People v. Falsetta, supra,* 21 Cal.4th 903, rejected a due process challenge to the admission of evidence of uncharged crimes pursuant to section 1108 that is identical to the challenge he raises here. (21 Cal.4th at p. 922.) No purpose would be served by repeating that court’s analysis here, and we, as a court of intermediate appellate jurisdiction, are bound by it. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

### CONCLUSION

The judgment is affirmed.

Strankman, P. J., and Swager, J., concurred.

Appellant’s petition for review by the Supreme Court was denied April 11, 2001.